UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DISH NETWORK L.L.C.
and NAGRASTAR LLC,

        Plaintiffs,

v.                         Case No. 8:18-cv-1332-T-33AAS

NELSON JOHNSON, JASON
LABOSSIERE, SET BROADCAST LLC,
STREAMING ENTERTAINMENT
TECHNOLOGY LLC, DOE 1, as
Trustee for Chateau Living
Revocable Trust, and DOE 2, as
Trustee for Macromint Trust,
individually and collectively
d/b/a www.setvnow.com,

        Defendants.
_____/

**ORDER**

    This matter is before the Court pursuant to Plaintiffs' Motion for Investigator and Confidential Informant Declarations to Remain Under Seal (Doc. # 24), filed on June 11, 2018. The Motion is unopposed. For the reasons that follow, the Court grants the Motion.

**Analysis**

    Plaintiffs seek an Order that the investigator declarations and confidential informant declarations, and all exhibits annexed thereto, remain under seal for the duration of this litigation plus five years, and that the public redacted

versions of the declarations be made part of the public record. (Doc. # 24 at 7).

In this district, the proponent of a motion to seal must include: (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason for sealing each item; (iv) the reason that a means other than sealing is unsatisfactory to preserve the interest advanced by the motion to seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of law. See Local Rule 1.09(a), M.D. Fla. The relevant rule also states: "Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year, although a seal is renewable by a motion that complies with (b) of this rule, identifies the expiration of the seal, and is filed before the expiration of the seal." Id.

Plaintiffs have satisfied these requirements. The items to be sealed are described in the Motion, and Plaintiffs have provided satisfactory reasons as to why the documents must be filed under seal as they are central to the on-going anti-piracy investigation. (Doc. #24 at 3). Specifically, the identity of the investigators and informants must be concealed for their

safety, as well as to protect the integrity of the investigation. (Id. at 3). As such, the filing of the documents with the Court is necessary in order for Plaintiffs to prove Defendants violated The Federal Communications Act, 47 U.S.C. § 605(a) (Doc. # 1 at 9).

Additionally, Plaintiffs have provided support to their claim that the safety of the informants, and thus, the integrity of the investigation, would be at risk if their request is denied. Plaintiffs point to Defendants, Nelson Johnson's and Jason LaBossiere's history of serious felonies, which give rise to a heightened concern in this case for the safety of the investigator and confidential informant. (Doc. # 24 at 3).

Plaintiffs also maintain releasing the identities of the confidential informants to the public at this time will serve no important purpose. (Id. at 6). Plaintiffs request that the documents remain under seal for the duration of this litigation plus five years. After due consideration, the Court grants the Motion for Investigator and Confidential Informant Declarations to Remain Under Seal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion for Investigator and Confidential Informant Declarations to Remain Under Seal (Doc. # 24) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day of June, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE