```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

DISH NETWORK L.L.C.
and NAGRASTAR LLC,                    Case No. 8:18-cv-1332-T-33AAS

        Plaintiffs,

v.

NELSON JOHNSON, JASON
LABOSSIERE, SET BROADCAST
LLC, STREAMING ENTERTAINMENT
TECHNOLOGY LLC, DOE 1, as
Trustee for Chateau Living
Revocable Trust, and DOE 2,
as Trustee for Macromint
Trust, individually and
collectively d/b/a
www.setvnow.com,

        Defendants.

---

## ORDER

This matter comes before the Court pursuant to the Report and Recommendation of the Honorable Amanda Arnold Sansone, United States Magistrate Judge (Doc. # 58), filed on June 29, 2018. Therein, Judge Sansone recommends granting Plaintiffs' Motion for Preliminary Injunction (Doc. # 3), granting in part and denying in part Defendants' construed Motion for relief from the current temporary restraining order (Doc. # 48), as well as other relief.

The Court recognizes that parties are afforded a 14-day period for lodging objections to a Report and Recommendation. However, in this case, all parties have advised the Court that they do not

1

object to any term of the June 29, 2018, Report and Recommendation. See Doc. ## 61, 62. As explained below, the Court adopts the Report and Recommendation.

**Discussion**

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the magistrate judge and the recommendation of the magistrate judge.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Report and Recommendation of the Honorable Amanda Arnold Sansone, United States Magistrate Judge (Doc. # 58) is **ACCEPTED** and **ADOPTED** in all respects.

(2) The Plaintiffs' Motion for Preliminary Injunction (Doc. # 3) is **GRANTED.**

(3) The Defendants' construed motion for relief from the current temporary restraining order (Doc. # 48) is **GRANTED** to the extent that the Defendants request modification to the asset freeze language to provide flexibility for the release of funds upon the Plaintiffs' authorization. To the extent the construed motion seeks broader relief, the Defendants' motion is **DENIED**.

(4) The Court enters the parties' Consent Preliminary Injunction:

Defendants and any of their officers, agents, servants, employees, and those acting in active concert or participation with them, including affiliates and resellers, who receive actual notice of this Order are **ENJOINED** and must **RESTRAIN** from directly or indirectly:

  (a) receiving or assisting others in receiving DISH programming without authorization by DISH;

  (b) operating the websites www.setvnow.com, https://store.setvnow.com,

https://affiliate.setvnow.com, and https://reseller.setbroadcast.com;

(c) manufacturing, assembling, modifying, importing, exporting, selling, distributing, or otherwise trafficking in the SET TV streaming service, SET TV set-top boxes, SET TV related software, applications, and/or passcodes, A-Box set-top boxes, Setplex set-top boxes, other set-top boxes capable of receiving the SET TV streaming service, or any other technology, product, service, device, component, application, passcode, or part thereof that is primarily of assistance in the unauthorized reception of DISH programming;

(d) hosting or otherwise supporting any website that advertises, promotes, offers, sells, or otherwise traffics in the SET TV streaming service, SET TV set-top boxes, SET TV related software, applications, and/or passcodes, A-Box set-top boxes, Setplex set-top boxes, other set-top boxes capable of receiving the SET TV streaming service;

(e) destroying, concealing, hiding, modifying, or transferring:

  i. any computers or computer servers that have been used, are being used, or that are capable of being used to support the SET TV pirate streaming service;

ii. any satellite receivers, smart cards, and satellite dishes, including DISH receiving equipment, that have been used, are being used, or that are capable of being used to support the SET TV pirate streaming service;

iii. any SET TV software, applications, and/or passcodes, including any devices capable of storing that software and/or applications such as computers or external storage devices such as thumb drives and diskettes;

iv. any SET TV set-top boxes, A-Box set-top boxes, Setplex set-top boxes, or other set-top boxes capable of receiving the SET TV streaming service; and

v. any books, documents, files, records, or communications whether in hard copy or electronic form, relating in any way to the SET TV streaming service, set-top boxes, and related software and passcodes, or any other service or device that is used in satellite television piracy, including the identities of manufacturers, exporters, importers, dealers, or purchasers of such services and devices, or persons involved in operating the SET TV server.

(f) transferring, removing, encumbering, or permitting withdrawal of any assets or property belonging to or under the management of any Defendant, whether real or

personal, tangible or intangible, including cash, bank accounts of any kind, stock accounts, bonds, title to any Defendant's business property, including any assets or property owned, held, or managed by Macromint Trust or Chateau Living Revocable Trust. A financial institution or other person may unfreeze any asset covered by this section upon prior written authorization by Plaintiffs. Plaintiffs must promptly file notice of any such authorization.

**Defendants are warned that any act by them in violation of any of the terms of this Order after proper notice to them may be considered and prosecuted as contempt of this Court.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>2nd</u> day of July, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE