UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C. and NAGRASTAR LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NELSON JOHNSON, JASON LABOSSIERE, SET BROADCAST LLC, STREAMING ENTERTAINMENT TECHNOLOGY LLC, DOE 1, as Trustee for Chateau Living Revocable Trust, and DOE 2, as Trustee for Macromint Trust, individually and collectively d/b/a www.setvnow.com, <br><br> Defendants. | Civil Case No. 8:18-cv-1332-T-33AAS |

## AGREED MOTION FOR FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs DISH Network L.L.C. and NagraStar LLC (together, "DISH"), and Defendants Nelson Johnson, Jason LaBossiere, Set Broadcast LLC, and Streaming Entertainment Technology LLC (collectively, "Defendants"), respectfully move for the Court's entry of a final judgment and permanent injunction based on the following agreed facts and conclusions of law:

1. DISH filed this case against Defendants on May 3, 2018, asserting claims under the Federal Communications Act, 47 U.S.C. §§ 605(a) and (e)(4) (the "FCA"), based on Defendants' unauthorized retransmission of DISH's programming on their SetTV streaming service. (Dkt. 1.)

2. DISH is the fourth largest pay-television provider in the United States and delivers television programming to millions of authorized, fee-paying subscribers nationwide using a direct broadcast satellite system and over-the-top Internet services (the "DISH Programming").

1

3. Defendant SET Broadcast LLC operated the SetTV streaming service. Defendants LaBossiere and Johnson are the owners and persons in control of SET Broadcast LLC. Defendant Streaming Entertainment Technology LLC is an inactive company through which LaBossiere and Johnson previously operated the SetTV streaming service.

4. The SetTV streaming service distributed DISH Programming without authorization from DISH. The DISH Programming distributed on the SetTV streaming service originated from, and was taken directly from, DISH's satellite broadcasts of that DISH Programming. Defendants knew that DISH Programming was being taken from DISH's satellite broadcasts and redistributed without authorization on their SetTV streaming service at the time these actions were taking place.

5. Defendants monetized their SetTV streaming service through the sale of passcodes or subscriptions required to access that service, either directly or using approved resellers. SetTV subscriptions could be used in connection with virtually any Internet-accessible device loaded with the SetTV application, including Defendant's own SetTV branded set-top boxes and the separately branded set-top boxes of Defendants' resellers. The set-top boxes sold by Defendants and their resellers were "plug and play" in that the SetTV application was pre-loaded on these devices.

6. Defendants sold SetTV subscriptions and SetTV set-top boxes through the websites located at the domain names <setvnow.com> and <setbroadcast.com> (the "SetTV Domains"). In addition, Defendants advertised their SetTV streaming service through Facebook and other forms of social media. Defendants touted the availability of DISH Programming on the SetTV streaming service, including pay-per-view events, as part of their advertising campaign.

7. Defendants operated their SetTV streaming service for profit for approximately 16 months, from February 2017 through June 2018. DISH Programming was redistributed without authorization on the SetTV streaming service throughout this time period. As of June 2018, there

were approximately 260,935 active SetTV subscribers. According to Defendants, approximately 180,398 subscribers were acquired directly by Defendants, while the remaining 80,537 subscribers were obtained through SetTV resellers. Additional SetTV subscriptions were sold but no longer active as of June 2018.

8. Each SetTV subscription sold harms DISH in the form of lost revenue. Defendants knew that DISH provided DISH Programming to its own fee-paying subscribers at the time that DISH Programming was being distributed without authorization on their SetTV streaming service. DISH Programming was some of, if not the most popular programming distributed on the SetTV streaming service. Defendants knew that the unauthorized distribution of DISH Programming on their SetTV streaming service was certain to harm DISH by depriving DISH of legitimate, paying subscribers and corresponding equipment and subscription revenues.

9. Defendants violated 47 U.S.C. § 605(a) by operating the SetTV streaming service, which distributed DISH Programming without authorization. Defendants also violated 47 U.S.C. § 605(e)(4) by selling SetTV subscriptions and set-top boxes, which are required or intended for accessing the SetTV streaming service that distributed DISH Programming without authorization. Defendants' violations of 47 U.S.C. § 605(a) and (e)(4) were willful, malicious, and for the purpose of commercial financial advantage and private financial gain.

10. The Court entered a temporary restraining order on June 4, 2018, and a preliminary injunction on July 2, 2018. (Dkts. 15, 63.) The parties agree that a final judgment and permanent injunction is now appropriate. The terms of the final judgment and permanent injunction include:

    a. Statutory damages of $90,199,000, which is calculated at $500 for each of the 180,398 SetTV subscribers acquired by Defendants. The foregoing damages are conservative because there were additional SetTV subscribers not included in the calculation and damages under

the FCA could reach up to $100,000 per violation of section 605(e)(4), and $110,000 per violation of section 605(a) given the willful and commercial nature of Defendants' conduct.

           b.      Permanent injunction that prevents any further violations of DISH's rights, including the transfer of the SetTV Domains and SetTV subscriptions and set-top boxes to DISH.

The specific terms of the requested final judgment and permanent injunction are set forth in Exhibit 1. The parties request that the Court enter a final judgment and permanent injunction containing those agreed terms.

Dated: October 24, 2018

/s/ Chad M. Hagan
Chad M. Hagan (*pro hac vice*)
Timothy M. Frank (*pro hac vice*)
HAGAN NOLL & BOYLE, LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
Email: chad.hagan@hnbllc.com
Email: timothy.frank@hnbllc.com

James A. Boatman, Jr.
Florida Bar No. 0130184
THE BOATMAN LAW FIRM PA
3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105
Telephone: (239) 330-1494
Facsimile: (239) 236-0376
Email: jab@boatman-law.com

**Attorneys for Plaintiffs**

        /s/ Joseph Shapiro
        Joseph Shapiro (*pro hac vice*)
        STRONG & HANNI
        102 South 200 East, Suite 800
        Salt Lake City, UT 84111
        Telephone: (801) 532-7080
        Facsimile: (801) 596-1508
        Email: jshapiro@strongandhanni.com

**Attorney for Defendants**

(Signed By Filing Attorney With Permission Of Non-Filing Attorney)
/s/ Chad M. Hagan

## CERTIFICATE OF SERVICE

    I certify that on October 24, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide notice to Defendants Nelson Johnson, Jason LaBossiere, Set Broadcast LLC, and Streaming Entertainment Technology LLC.
.

        /s/ Chad M. Hagan
        Chad M. Hagan (*pro hac vice*)
        HAGAN NOLL & BOYLE, LLC
        Two Memorial City Plaza
        820 Gessner, Suite 940
        Houston, Texas 77024
        Telephone:  (713) 343-0478
        Facsimile:  (713) 758-0146
        Email:  chad.hagan@hnbllc.com

Attorney for Plaintiffs