## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C. and NAGRASTAR LLC, | ) ) ) | Civil Case No. 8:18-cv-1332-T-33AAS |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| NELSON JOHNSON, JASON LABOSSIERE, SET BROADCAST LLC, STREAMING ENTERTAINMENT TECHNOLOGY LLC, DOE 1, as Trustee for Chateau Living Revocable Trust, and DOE 2, as Trustee for Macromint Trust, individually and collectively d/b/a www.setvnow.com, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) / | |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Before the Court is the Agreed Motion for Final Judgment and Permanent Injunction (Doc. # 83), filed jointly by Plaintiffs DISH Network L.L.C. and NagraStar LLC (together, "DISH") and Defendants Nelson Johnson, Jason LaBossiere, Set Broadcast LLC, and Streaming Entertainment Technology LLC (collectively, "Defendants").  The Court **GRANTS** the motion and **ORDERS** as follows:

1.      Judgment is entered for DISH on Counts I and II of its complaint asserting claims under the Federal Communications Act, 47 U.S.C. §§ 605(a) and 605(e)(4) (the "FCA").

2.      DISH is awarded statutory damages of $90,199,000 under the FCA.  The statutory damages are calculated at the parties' agreed upon $500 for each of the 180,398 subscribers that were acquired directly by Defendants and provided with unauthorized access to DISH's television

programming using Defendants' SetTV streaming service.  Defendants are jointly and severally liable for all damages awarded herein.

3.      Defendants, and any of their officers, agents, servants, employees, or other persons acting in active concert or participation with any of the foregoing that receives actual notice of the order, are <u>permanently enjoined</u> from:

a.      receiving, retransmitting, or copying, or assisting others in receiving, retransmitting, or copying, any of DISH's satellite or over-the-top Internet transmissions of television programming or any content contained therein without authorization;

b.      manufacturing, assembling, modifying, importing, exporting, selling, or distributing any passcode, subscription, set-top box, application, or any other device or equipment that is primarily of assistance in, or that is intended to be used for, receiving or assisting in receiving DISH's satellite or over-the-top Internet transmissions of television programming or any content contained therein without authorization.

4.      Defendants shall transfer to DISH or a designee selected by DISH, within seven (7) days of the date of this order, all SetTV branded set-top boxes, set-top boxes branded to correspond with Defendants' resellers and affiliates including A-Box, set-top boxes provided by Setplex, and all subscription codes, passcodes, renewal codes, and applications for the SetTV service.  All items that DISH receives pursuant to this paragraph may be destroyed at DISH's discretion.

5.      Defendants shall transfer to DISH or a designee selected by DISH, within seven (7) days of the date of this order, the domain names <setvnow.com>, <setbroadcast.com>, and any other domain name Defendants own or control that was used in connection with the SetTV service.

6.      Each party shall bear its own attorneys' fees and costs in this case.

7.      The Court declines to retain jurisdiction over this action.

8.     The Clerk shall **Close** the case.


**DONE** and **ORDERED** in Chambers in Tampa, Florida on October 24th, 2018.




VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE